1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   DEBRA MARIE GOODLOW,                     )   Case No.: 1:17-cv-0667-JLT
                                              )
12              Plaintiff,                    )   ORDER GRANTING PLAINTIFF'S MOTION
                                              )   TO PROCEED IN FORMA PAUPERIS
13        v.                                  )   (Doc. 2)
                                              )
14   NANCY A. BERRYHILL,                      )   ORDER DIRECTING CLERK TO ISSUE
     Acting Commissioner of Social Security,  )   SUMMONS, SOCIAL SECURITY CASE
15                                            )   DOCUMENTS, AND SCHEDULING ORDER
                Defendant.                    )
16                                            )   ORDER DIRECTING SERVICE OF THE
                                              )   COMPLAINT
17   _____

18          Debra Marie Goodlow seeks to proceed *in forma pauperis* with an action for judicial review of

19   the administrative decision denying an application for Social Security benefits.  Pending before the

20   Court are the complaint and the motion to proceed *in forma pauperis*.  (Docs. 1, 2)  For the following

21   reasons, the Court finds service of the complaint is appropriate.

22   **I.       Proceeding *in forma pauperis***

23          The Court may authorize the commencement of an action without prepayment of fees "by a

24   person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25   that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26   reviewed the financial status affidavit (Doc. 2), and finds the requirements of 28 U.S.C. § 1915(a) are

27   satisfied.  Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

28   ///

                                                    1

## II.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. **Discussion and Analysis**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Plaintiff alleges the Appeals Council denied a request for review of the decision denying benefits on March 14, 2017, at which time the decision of the administrative law judge became the final decision of the Commissioner. (Doc. 1 at 2) Plaintiff's request for judicial review was due within 65 days of the date of Appeals Council's notice, or no later than May 18, 2017. *See* 42 U.S.C. §405(g) (noting a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice"). Because Plaintiff initiated filed a complaint on May 14, 2017, the request for judicial review of the administrative decision is timely, and the Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

## V. **Conclusion and Order**

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying

Social Security benefits.  Based upon the foregoing, the Court **ORDERS**:

       1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

       2.      The Clerk of Court is DIRECTED to issue summons as to the defendant, Nancy Berryhill, Acting Commissioner of Social Security;

       3.      The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms; and

       4.      The U.S. Marshal is DIRECTED to serve a copy of the complaint, summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

    Dated:   **May 17, 2017**                  **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE