UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA MARIE GOODLOW,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-00667-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL REMANDING THE CASE FOR FURTHER PROCEEDINGS<br><br>(Doc. Nos. 1, 15.) |

Plaintiff Debra Marie Goodlow seeks judicial review of a decision by the Commissioner of the Social Security Administration denying her application for Supplemental Security Income ("SSI").[1] Goodlow contends that the Commissioner erred by relying on the presumption of non-disability from *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and that he failed to explain the weight he gave certain medical opinions. Goodlow also contends that new evidence requires remand. (*See* Doc. No. 15, at 3-7.) The court will remand the case, holding that the Commissioner's decision mistakenly relied on the *Chavez* presumption. The court does not reach the other issues raised by Goodlow—namely, whether the Commissioner properly weighed medical opinions and whether new evidence requires remand.

---

[1] Goodlow states in her opening brief that she filed for both SSI and Disability Insurance Benefits ("DIB"), though she cites only her SSI application. (Doc. No. 14, at 2.) Her complaint and her reply brief reference SSI but not DIB (*see* Doc. Nos. 1, ¶¶ 3, 6; 18, at 2). The administrative law judge considered only her SSI application, and the undersigned could not locate her DIB application for this appeal. The undersigned therefore considers only Goodlow's application for SSI.

1

## I. Background

Goodlow suffers from several severe mental impairments, including schizoaffective disorder, psychotic disorder, antisocial personality disorder, and dyslexia. *See* AR 25.[2] The fact that Goodlow has these impairments is undisputed, and is confirmed by the Social Security Administration's own sources. *See* AR 25 (administrative law judge's finding), 124-25 (assessment by William Berzman, state agency consultant), 134-35 (assessment by P. M. Balson, state agency consultant), 321 (diagnoses by J. K. Zhang, consultative examiner), 325 (diagnoses by Sarupinder Bhangoo, consultative examiner), AR 383-87 (assessment by John Schosheim, medical expert responding to interrogatories). Aside from the Social Security Administration's sources, Goodlow's treating physician, Jagdeep Garewal, has opined that Goodlow's primary diagnosis is schizoaffective disorder. *See* AR 365 (July 23, 2015 assessment), 396 (August 24, 2015 assessment), 389 (September 24, 2015 assessment), 394 (November 19, 2015).

Goodlow alleges that she suffers from serious symptoms. She told her treating physician, Garewal, that she has experienced hallucinations and paranoia, and has made multiple suicide attempts. *See* AR 364. Goodlow testified that she takes medicine to stop hearing voices. AR 93. Medical expert Schosheim opined that Goodlow had marked limitations, including limitations on her ability to understand, remember, and carry out simple instructions. *See* AR 27, 375. J. K. Zhang, a consultative examiner, opined that Goodlow had an IQ of 45. AR 321. Goodlow finished only ninth grade and never worked. AR 230-31. Additionally, Goodlow has served four prison terms for petty theft, according to consultative examiner Zhang.[3] *See* AR 319. Goodlow had no counsel during her administrative proceedings, but she is assisted by counsel on this appeal.

---

[2] All "AR" citations refer to the administrative record. (*See* Doc. No. 10.)
[3] The Commissioner does not argue that Goodlow's SSI should be denied because of her past offenses.

2

**a. Procedural history**

Goodlow has filed at least three applications for SSI. Goodlow testified that she was awarded SSI some time before October 2008 (the "First Decision"), AR 50 (Feb. 10, 2012 hearing transcript), though the record does not include the First Decision. It appears that the administrative law judges in the second and third proceedings did not consider the First Decision or the record from the associated proceeding. *See* AR 34-37, 116-19.[4] At some point after the First Decision and while Goodlow was incarcerated, she stopped receiving SSI payments.

Goodlow filed another application for SSI on November 18, 2009, after her release from prison. *See* AR 22, 50, 319. After the initial denial of her 2009 application and the denial of reconsideration, Goodlow requested review by an administrative law judge and attended a hearing, without counsel, before Administrative Law Judge Gary J. Lee. *See* AR 38-66. On February 14, 2012, ALJ Lee found Goodlow not disabled (the "2012 Decision"). *See* AR 111-15. ALJ Lee found that Goodlow had dyslexia, psychotic disorder, anti-social personality disorder, and a history of drug and alcohol abuse, AR 111, but concluded that Goodlow retained enough residual functional capacity ("RFC") for employment. *See* AR 114. That conclusion depended on Goodlow's age category; she was 44 years old on the date she filed her application for the 2012 Decision. *See id*. at 114-15. Goodlow did not appeal that decision.

This appeal concerns Goodlow's application filed on March 7, 2013, when she was 47 years old. *See* AR 32, 214. On April 23, 2013, her application was denied for insufficient evidence. *See* AR 125-26. On December 11, 2013, her request for reconsideration was denied for the same reason. *See* AR 135. In these denials, state agency consultants who had reviewed Goodlow's record for the initial determination and reconsideration noted that they had insufficient evidence to evaluate Goodlow's claim and expressed no opinion on Goodlow's RFC. AR 125-26, 135. Goodlow requested review by an administrative law judge, and she attended a hearing before Administrative Law Judge Judson Scott ("ALJ Scott"), again without counsel. ALJ Scott found Goodlow not disabled in a decision dated November 30, 2015 (the "2015

---
[4] The missing documents from the first proceeding do not affect the analysis below, so the court will address the merits of the case without directing the parties to file supplemental submissions.

3

Decision"). AR 22-33. Goodlow retained counsel after the 2015 Decision, AR 8, 17, obtained additional evidence, *see* AR 5, and requested review of ALJ Scott's decision by the Appeals Council, AR 17. The Appeals Council denied review of ALJ Scott's decision, AR 1-6, and this denial of review made ALJ Scott's 2015 Decision the final decision of the Commissioner ripe for judicial review, *see* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210(a).

### b. The ALJ's decision

The 2015 Decision followed the five-step sequential analysis established in 20 C.F.R. § 416.920. At step one, ALJ Scott found that Goodlow had not engaged in substantial gainful activity since March 7, 2013, the day Goodlow filed her application. AR 25. At step two, ALJ Scott found the following severe impairments: dyslexia, schizoaffective disorder, psychotic disorder, antisocial personality disorder, and a history of drug and alcohol abuse. *Id*. At step three, ALJ Scott found that Goodlow had no impairment or combination of impairments that met or medically equaled the severity of an impairment listed under 20 C.F.R. Part 404 Subpart P, Appendix 1. *Id*. ALJ Scott then found that Goodlow had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant cannot perform any written instructions or complex and detailed tasks. She may have occasional verbal interactions with coworkers and supervisors (for 1/3 of the workday), very minimal verbal interactions with the general public (10% of the work day), but cannot perform fast paced or high production work. She can make occasional changes in daily work (1/3 of the workday), limited to one verbal confrontation per day.

AR 28. At step four, ALJ Scott found that Goodlow had no past relevant work. AR 32. At step five, ALJ Scott found that Goodlow could perform jobs that exist in substantial numbers in the national economy. AR 32-33.

At various points in the five-step inquiry, ALJ Scott relied on the Ninth Circuit's decision in *Chavez*. The ALJ explained that *Chavez* and the Social Security Administration's Acquiescence Ruling 97-4(9), which provides guidance on how to apply the holding of *Chavez*, "require[] a presumption of continuing nondisability after the period previously adjudicated." AR 22. At step three, ALJ Scott relied on the *Chavez* presumption, but he also provided an alternative rationale, explaining that Goodlow's evidence did not show an impairment of

sufficient severity to meet or medically equal the severity of the impairments listed under 20 C.F.R. Part 404 Subpart P, Appendix 1. *See* AR 25-26. As for Goodlow's RFC, ALJ Scott adopted the 2012 Decision's RFC finding. *See* AR 31 (adopting the 2012 Decision's RFC analysis and noting that Goodlow had not shown "changed circumstances"); *compare* AR 28, *with* AR 112 (finding identical RFC).[5] At step five, ALJ Scott adopted the 2012 Decision's finding that Goodlow could perform jobs that exist in substantial numbers in the national economy. AR 32-33.[6]

## II. Discussion

On appeal, a district court reviews an ALJ's decision for an error of law and evaluates factual support. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The court will reverse or remand for legal error, such as a failure to apply correct legal standards. *See Vasquez v. Astrue*, 572 F.3d 586, 598 (9th Cir. 2009) (error in application of *Chavez* presumption). The court will not set aside an ALJ's factual finding that is supported by substantial evidence, where substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See id.* at 674. The court may review "only the reasons provided by the ALJ" and "may not affirm the [the ALJ's decision] on a ground upon which he did not rely." *Id*. at 675 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)).

In this case, we must determine whether ALJ Scott erred in relying on the *Chavez* presumption. Under *Chavez*, a prior determination that a claimant is not disabled creates a presumption that her ability to work continues after that determination. *See* 844 F.2d 691, 693

---

[5] The ALJ discussed medical evidence, but the discussion did not identify the medical evidence that supported the RFC finding; it only rebuts the medical evidence that could support Goodlow's position. *See* AR 28-31. Because the ALJ did not identify the basis that would support his RFC finding, it appears that the 2015 Decision relied solely on the 2012 Decision for the RFC analysis.

[6] The ALJ noted, "Just like in the prior decision, based on the testimony of the vocational expert, I conclude that, . . . the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." AR 33. Even though the ALJ mentioned a vocational expert's testimony, the undersigned takes the ALJ to be referencing the vocational expert from the 2012 Decision, since the vocational expert who attended the hearing for the 2015 Decision, Jose Chaparro, did not testify. *See* AR 102 (sole exchange between ALJ and vocational expert during June 3, 2015 hearing).

5

(9th Cir. 1988).[7] This presumption does not, however, apply in all circumstances. The presumption does not apply if "the claimant was unrepresented by counsel at the time of the prior claim." *Lester v. Chater*, 81 F.3d 821, 827-28 (9th Cir. 1995). The ALJ also may not rely on the *Chavez* presumption if there are "changed circumstances" after the prior finding of non-disability. *See id*. at 827 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)); *Casner v. Colvin*, 958 F. Supp. 2d 1087, 1090 (C.D. Cal. 2013). Changed circumstances include an increase in the severity of an impairment, "a change in the claimant's age category," or "the alleged existence of an impairment(s) not previously considered." Acquiescence Ruling 97-4(9), 1997 WL 742758, at *3 (S.S.A. Dec. 3, 1997); *accord Lester*, 81 F.3d at 827. As for the last category, even the *alleged* existence of a new impairment is sufficient to rebut the *Chavez* presumption. *See Lester*, 81 F.3d at 828; *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988). An ALJ's improper reliance on the *Chavez* presumption is legal error warranting remand. *See Vasquez*, 572 F.3d at 598.

Here, the ALJ Scott's reliance on the *Chavez* presumption was erroneous for at least three reasons. First, Goodlow had no counsel for the 2012 Decision. *See Gregory*, 844 F.2d at 666; AR 69. Second, Goodlow turned 45 after the 2012 Decision, placing her in a different age category and amount to changed circumstances. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(h)(1), (2); *Lester*, 81 F.3d at 827; *Chavez*, 844 F.2d at 693; AR 32, 214. Third, ALJ Scott identified a new impairment—schizoaffective disorder—that ALJ Lee had not found, again amounting to changed circumstances. *See Lester*, 81 F.3d at 828; *Gregory*, 844 F.2d at 666; *Woodmass v. Berryhill*, 707 F. App'x 432, 434 (9th Cir. 2017); *compare* AR 25 *with* AR 111.

Additionally, Goodlow had no notice before the hearing that ALJ Scott would invoke the *Chavez* presumption. The pertinent regulations required that Goodlow be notified before the hearing of "the specific issues to be decided" at the hearing and that she be afforded an opportunity to object to those issues; ALJ Scott's notice of hearing did not mention the *Chavez*

---

[7] *See also Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir.2009); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995); Acquiescence Ruling 97-4(9), 1997 WL 742758, at *3 (S.S.A. Dec. 3, 1997); Casner v. Colvin, 958 F. Supp. 2d 1087, 1090 (C.D. Cal. 2013).

presumption, and ALJ Scott mentioned the *Chavez* presumption for the first time at the hearing, providing no time for plaintiff to prepare for a discussion of the presumption. *See* AR 101, 199-208; 20 C.F.R. §§ 416.1438(b), 416.1439 (2015). Whether or not reliance on the *Chavez* presumption was an "issue" within the meaning of the applicable regulations, notice regarding the *Chavez* presumption would have been appropriate here to ensure that Goodlow had a meaningful chance to be heard, especially given that Goodlow had only a ninth-grade education, suffered from severe mental impairments, and had no counsel.

The ALJ's mistaken reliance on the *Chavez* presumption was not harmless. ALJ Scott's RFC analysis and his finding at step five were driven by the *Chavez* presumption, *see* AR 31, 33, and the Commissioner does not argue that the error was harmless. Thus, the court cannot affirm the ALJ's decision. We next consider whether the court should remand the case or award Goodlow benefits without further proceedings.

### III. Disposition

When a district court declines to affirm a denial of social security benefits, the court ordinarily remands the case. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). An exception to this general practice is the credit-as-true rule, which allows, but does not require, a court to award disability benefits on appeal. *See id.* at 1044. The credit-as-true rule applies only when three conditions are satisfied: (1) the ALJ has provided erroneous reasons for rejecting evidence; (2) the court finds both that no outstanding issue requires resolution and that further administrative proceedings would not be useful; and (3) crediting improperly rejected evidence would require finding the claimant disabled. *See id.* at 1045; *Trevizo*, 871 F.3d at 682-83. Even when these three requirements are satisfied, the court will decline to apply the credit-as-true rule if the court finds even "the slightest uncertainty as to the outcome"—i.e., whether the claimant is disabled. *See Leon*, 880 F.3d at 1044 (quoting *Treichler*, 775 F.3d at 1101).

Here, the court will remand the case rather than apply the credit-as-true rule. Goodlow discusses the medical evidence at length to explain how the ALJ erred in rejecting the opinions of Garewal and Shoshem. (*See* Doc. No. 14, at 10-16.) Goodlow, however, does not develop an argument that the record shows that she has a disability, even though she briefly mentions the

7

credit-as-true rule in her opening brief. (*See id*. at 16). The Commissioner argues in her opposing brief that even if the ALJ has erred, the appropriate remedy should be remand (Doc. No. 16, at 13-15), and Goodlow's reply brief does not respond to the Commissioner's argument. Impairments such as schizoaffective disorder and psychotic disorder are no doubt serious, but without a developed argument that these conditions disabled Goodlow, the court will not award benefits.

**IV. Other matters**

We address a few additional issues in hopes of promoting efficient resolution of this case. First, the ALJ discounted Schosheim's opinion in part because of Shoscheim's use of a check-the-box-and-fill-in-the-blank form. Discounting Schosheim's opinion on this basis may not be appropriate, given that the ALJ himself provided the form at issue to Schosheim and asked him to complete it. *See* AR 27, 367-77, 379-87. Second, the ALJ appears to have discounted Goodlow's credibility for failure to seek treatment, but lack of treatment may be excusable given Goodlow's testimony at the hearing that she could not afford treatment because of her financial circumstances. *See* AR 30-31, 93-95. Third, the ALJ discounted Garewal's opinion stating that Garewal had found only moderate symptoms—which included symptoms of schizoaffective disorder such as visual and auditory hallucinations, paranoia, and suicidal ideations. *See* AR 30-31, AR 365. Having such moderate *symptoms* of schizoaffective disorder should not be taken to mean that Goodlow had only moderate *impairments* for disability purposes.

**V. Conclusion and order**

The court will remand the case for further proceedings consistent with this order. Plaintiff Debra Marie Goodlow's motion for remand under 42 U.S.C. § 506(g) for newly submitted evidence (Doc. No. 15) is denied as moot. The clerk of court is directed to enter judgment in favor of Goodlow and close the case.

IT IS SO ORDERED.

Dated:  September 28, 2018

_____
UNITED STATES MAGISTRATE JUDGE